[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1280

 LORENZO Q. SCOTT,

 Plaintiff, Appellant,

 v.

 WELLESLEY POLICE DEPARTMENT, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nancy Gertner, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Lorenzo Q. Scott on brief pro se.
 Douglas I. Louison, Stephen C. Pfaff, and Merrick and Louisonon brief for appellees.

September 24, 1998

 Per Curiam. In connection with a rash of burglaries that
plagued Wellesley, Massachusetts and neighboring communities in
1994 and 1995, plaintiff Lorenzo Scott was convicted in state
court of breaking and entering in the nighttime and sentenced
to a lengthy prison term. In 1996, he filed the instant
damages action against four officers of the Wellesley Police
Department (and the department itself), advancing vague
allegations of Fourth Amendment violations and other
improprieties surrounding his arrest and conviction. From a
judgment dismissing most of his claims pursuant to Fed. R. Civ.
P. 12(c) and the remaining ones pursuant to Rule 56, plaintiff
now appeals. We affirm. 
 Little discussion is required. Plaintiff's contentions,
as presented on appeal, reduce to the following three claims:
that defendant Price violated the Fourth Amendment in
connection with (1) the pre-arrest search of plaintiff's
automobile, (2) the post-arrest search of his residence, and
(3) the post-arrest search of a pawnshop. The district court
disposed of each of these allegations at the summary judgment
stage. We agree with the court that, to the extent they are
not barred under Heck v. Humphrey, 512 U.S. 477 (1994),
plaintiff's claims each fail on the merits. 
 The challenge to the car search was not properly raised
below and so has been waived. In any event, plaintiff has
failed to call into question the state court's findings that
probable cause and exigent circumstances existed. At a
minimum, he has failed to establish that the search was so
unreasonable that qualified immunity would not apply. 
Moreover, while it is undisputed that Price was present at the
time (along with other officers from Wellesley and elsewhere),
there is no indication that he participated in the decision to
unlock the car or otherwise assisted in the search. 
 The search warrant for plaintiff's residence was obtained
on the basis of an affidavit from a Lexington police officer,
to which Price and others had contributed information. The
showing of probable cause made therein was easily sufficient to
shield defendants from liability. See, e.g., Malley v. Briggs,
475 U.S. 335, 344-45 (1986) ("Only where the warrant
application is so lacking in indicia of probable cause as to
render official belief in its existence unreasonable ... will
the shield of immunity be lost."). The charge that Price
purposefully contributed false information to the affidavit
proves unavailing, since it was not advanced in the complaint
and lacks a proper evidentiary foundation in any event.
 Plaintiff's final claim--that the warrantless search of
the pawnshop was unlawful--likewise fails as a matter of proof. 
Plaintiff has not adequately called into question Price's
averment that the pawnshop owner voluntarily turned over the
jewelry in question to the Lexington police officers.
 Affirmed.